IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CRISTINA PEREZ, | § | |
| | § | |
| | § | |
| v. | § | C.A. NO. C-06-174 |
| | § | |
| MICHAEL J. ASTRUE | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION[1] | § | |

**MEMORANDUM AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Plaintiff Cristina Perez prevailed in this lawsuit in which a decision of the Commissioner of Social Security Administration was vacated and remanded to the Commissioner for further consideration of the medical evidence relating to plaintiff's disability. (D.E. 21, 22). She now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (D.E. 23). The Commissioner filed a response to plaintiff's motion that the defendant does not oppose plaintiff's requested award of attorney fees. (D.E. 25). For the reasons stated herein, it is respectfully recommended that plaintiff's motion for attorney fees pursuant to the EAJA be granted.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration. (D.E. 25, at 1 n.1). Therefore, he is substituted as defendant for Jo Anne Barnhart. Fed. R. Civ. P. 25(d)(1); Masterson v. Barnhart, 309 F.3d 267 n.* (5th Cir. 2002).

## I.  PROCEDURAL BACKGROUND

Plaintiff filed her application for disability insurance benefits ("DIB") on August 11, 2003, and her application was denied at all administrative levels.  Tr. 16-25, 71-73, 381-83.  An administrative hearing was held on August 25, 2005.  Tr. 305.  The Administrative Law Judge ("ALJ") issued a written decision on September 20, 2005, denying plaintiff's request for DIB.  Tr. 16-25.  The ALJ found that plaintiff was not disabled and could perform work that exists in large numbers in the national economy.  Tr. 24.  She appealed the ALJ's decision to the Appeals Council, which denied her appeal on February 24, 2006.  Tr. 5-8.

This action, filed on April 18, 2006, followed the denial by the Appeals Council.  (D.E. 1).  Plaintiff moved for summary judgment seeking an award of disability benefits, or, alternatively, a remand of the case to the Commissioner for further consideration of plaintiff's disability.  (D.E. 18).  The Commissioner filed a response, and also moved for summary judgment.  (D.E. 16, 19).

By order and final judgment entered on January 8, 2007, summary judgment was granted in plaintiff's favor.  (D.E. 21, 22).  The Commissioner's decision was vacated and the case was remanded for reconsideration.  Id.  The Commissioner did not appeal.

## II.  PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff asserts the following claims:

1. Plaintiff is the prevailing party in this action;

2. The Commissioner's decision denying plaintiff benefits was not substantially justified;

3. There are no special circumstances that would make an award unjust;

4. The fee application was timely filed;

5. Plaintiff's attorneys worked 21.20 hours on this matter; this time was reasonable and necessary to the prosecution of plaintiff's case;

6. The appropriate hourly rate for an attorney pursuant to the EAJA, adjusted for a cost-of-living increase, is $160.40; and

7. Plaintiff is entitled to an award of attorney fees, costs, and expenses pursuant to the EAJA.

## III.  DISCUSSION

**A.    The Award Of Attorney Fees Pursuant To The EAJA.**

A party is entitled to recover attorney fees pursuant to the EAJA if four requirements are met: (1) she is the prevailing party, (2) she files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1 (5th Cir. 1997); Milton v. Shalala, 17 F.3d 812, 813 n.1 (5th Cir. 1994).

### 1. Plaintiff Was The Prevailing Party.

A party prevails by succeeding on "'any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" Squires-Allman, 117 F.3d at 920 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  In this action, plaintiff challenged the ALJ's decision because it was not supported by substantial evidence and did not comport with proper legal standards.  (D.E. 1, at 2).  She requested that the Court enter a finding of disability on her behalf, or in the alternative, remand her case to the Commissioner for further consideration of her disability.  (D.E. 1, 18).  The Court vacated the Commissioner's decision, and remanded the case for further consideration in accordance with the law, thus satisfying plaintiff's objective in bringing her action.  (D.E. 21, 22).

Plaintiff succeeded in vacating the unfavorable decision, and remanding her claim to the Commissioner for reconsideration.  As such, it is respectfully recommended that plaintiff is a prevailing party within the meaning of the EAJA. See Squires-Allman, 117 F.3d at 920 n.2 (citing Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993)).

### 2. Plaintiff Filed A Timely Fee Application.

A prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  For

purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G).

The EAJA's thirty-day time limit runs from the end of the period for appeal. See Schaefer, 509 U.S. at 298. When the Commissioner does not file an appeal within the sixty-day period for appeal, as in this case, an applicant seeking fees pursuant to the EAJA has thirty days after the sixty-day period for appeal has run to submit his application. 28 U.S.C. § 2412(d)(1)(B).

In this case, final judgment was entered on January 8, 2007. (D.E. 22). Therefore, it is respectfully recommended that plaintiff's motion for award of attorney fees, filed on April 4, 2007, is timely.

**3.     The Commissioner's Opinion Was Not Substantially Justified.**

In order for plaintiff to collect attorney fees, the Commissioner's position in denying plaintiff's benefits must not have been "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). This determination is made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court discussed the meaning of "substantially justified" in Pierce v. Underwood, 487 U.S. 552 (1988), explaining that the statutory phrase

"substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. at 565. To be substantially justified, the Commissioner's case must have a reasonable basis both in law and fact. Id. at 566 n.2. It is "more than merely undeserving of sanctions for frivolousness," id. at 566, but less than "clearly and convincingly justified." Id. at 568.

The award of attorney fees is not granted automatically every time the government loses. See Houston Agric. Credit Corp. v. United States, 736 F.2d 233, 236 (5th Cir. 1984) (citation omitted). The reversal of agency action is not the functional equivalent of an unreasonable position pursuant to the EAJA. Spawn v. W. Bank-Westheimer, 989 F.2d 830, 840 (5th Cir. 1993) (citations omitted). The government does, however, have the burden of establishing that its position was substantially justified. Griffon v. U.S. Dep't of Health & Human Servs., 832 F.2d 51, 52 (5th Cir. 1987) (per curiam). The Fifth Circuit has held that the government's position was substantially justified: (1) where the government relied on a regulation which was later invalidated; (2) where the government relied on case precedent later set aside; or (3) where new evidence, not available at the administrative level, became available at trial. See, e.g., Spawn, 989 F.2d at 840 (relied on a regulation which was later invalidated); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1297 (5th Cir. 1994) (relied on case precedent later set aside); Hallman

v. INS, 879 F.2d 1244, 1246-47 (5th Cir. 1989) (per curiam) (new evidence, not available at the administrative level).  In these cases, the Fifth Circuit did not allow attorney fees to be recovered by the prevailing party even though the government had lost.

     The Fifth Circuit has determined that "[a]s a general proposition, however, if the case lacks substantial evidence, and does not turn on mere evidentiary ambiguities or involve novel legal principles, 'the absence of support for the Secretary's decision ... is at once an absence of justification for her position.'" Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988) (quoting Herron v. Bowen, 788 F.2d 1127, 1132 (5th Cir. 1986) (per curiam)).  Here, the Court found the ALJ undertook a faulty analysis when he failed to consider objective medical evidence, plaintiff's subjective complaints of pain, and her limited Residual Functional Capacity as required by Fifth Circuit case law.  As a result, the Court found substantial evidence did not support the Commissioner's decision.  This case did not involve new evidence that was presented for the first time.

     Therefore, it is respectfully recommended that the Court find that the Commissioner's position in this case was not substantially justified.

### 4. There Are No Special Circumstances.

The EAJA disqualifies an applicant from an award of fees if the Court finds that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to prove special circumstances exist that make an award unjust. Baker, 839 F.2d at 1080 (citations omitted). The Commissioner does not object to plaintiff's motion for attorney fees.

It is respectfully recommended that the Court find plaintiff has shown that she is the prevailing party, the EAJA application was timely filed, the Commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would render the award of attorney fees unjust. It is further respectfully recommended that the Court find that plaintiff's motion for attorney fees is properly maintained pursuant to the EAJA.

### B. The Analysis Of The Reasonableness Of Plaintiff's Attorney Fees.

The Court must next determine whether the hours claimed by plaintiff's attorney are reasonable, or excessive. See Hall v. Shalala, 50 F.3d 367, 368 (5th Cir. 1995) (district court's determination of amount of award of attorney's fees reviewed for abuse of discretion). Attorneys submitting a fee request pursuant to the EAJA "are required to exercise billing judgment." Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996) (citation omitted). The

Fifth Circuit has stated that "[t]he district court is required to determine 'whether particular hours claimed were reasonably expended.'" Id. at 932 (citation omitted).

According to the fee application, plaintiff's counsel spent a total of 21.20 hours on the case. (D.E. 23). This time was spent advancing plaintiff's appeal by researching the relevant issues and preparing her motion for summary judgment. Id. Her case was not undesirable, it did not limit the attorney's ability to accept additional work, and the issues presented were not novel or complex. (D.E. 23-3). Plaintiff's counsel is well-versed in the area of social security appeals and has appeared often before this Court. Id. at 2. The results obtained were desirable.

The hours submitted by plaintiff's counsel furthered her case. Accordingly, it is respectfully recommended that the Court find that the 21.20 hours spent on this case by plaintiff's attorneys be found to be reasonable and necessary.

**1.     Reimbursable Amount Of Attorney Fees.**

The EAJA provides that attorney fees shall not be awarded in excess of $125 per hour, unless it is determined that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The Fifth Circuit has concluded that while the statute clearly provides for cost of living adjustments, it does not require such adjustments. Baker, 839 F.2d at 1084. "Except in unusual circumstances, therefore, if there is a significant difference in the cost of living

since [1996] in a particular locale that would justify an increase in the fee, then an increase should be granted."  Id.  The Consumer Price Index ("CPI"), as furnished by the Bureau of Labor Statistics, has been used to determine the appropriate amount for cost of living increases pursuant to EAJA.  See Bode v. United States, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) (per curiam) (district court's use of CPI for purpose of determining EAJA adjusted attorney fee rate was appropriate).

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered."  Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992).  Therefore, EAJA fees must be adjusted yearly.  To do otherwise "in effect award[s] interest for the ... delay in payment" and "is a prohibited award of interest against the United States."  Id. at 1077.

### 2.     The Calculation Of Plaintiff's Attorney Fees.

Plaintiff's attorney worked a total of 21.20 hours on this case in 2006. Plaintiff's attorney calculates the cost of living adjustment pursuant to the EAJA to be $160.40.[2]  This hourly rate correctly reflects the cost of living adjustment for the

---

[2] To calculate the appropriate cost of living adjustment, plaintiff compares the CPI for March 1996, the year in which the $125.00 EAJA rate became effective, with the CPI for March 2006, 155.7 and 199.8 respectively, to find that the rate has increased 28 percent.  (199.8 minus 155.7 = 44.1; 44.1 divided by 155.7 = 28 percent).  A 28 percent increase equals $160.40 per hour.  (D.E. 24, Attach. A & B).

year 2006, and it is respectfully recommended that the Court calculate the EAJA award according to this adjusted rate for hours worked in 2006. Under this adjusted rate, the attorney fees for hours worked in 2006 are calculated as 21.20 hours multiplied by $160.40, which equals $3,400.48.

It is respectfully recommended that the Court find that plaintiff is entitled to attorney fees in the amount of $3,400.48.

**C.     Plaintiff's Costs And Expenses.**

The EAJA authorizes a prevailing party to recover costs and reasonable expenses incurred prosecuting a civil action against the United States. See 28 U.S.C. § 2412. Section 2412(a)(1) provides that "costs, as enumerated in section 1920 of this title, but not including fee and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States." 28 U.S.C. § 2412(a)(1). Costs enumerated in 28 U.S.C. § 1920 include costs for court filing fees and photocopying costs.

Section 2412(d)(1)(A) provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a)," to a party who successfully sues the federal government. 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Expenses are "'those

reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.'" Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988) (citing Oliveira v. United States, 827 F.2d 735, 744 (Fed. Cir. 1987)).  The term "other expenses" has been found to include various items, such as postage and courier, telephone, electronic research, and attorney travel expenses. Id.

Based on her attorney's summary of costs and expenses, plaintiff seeks $13.72 for reimbursement of litigation costs, which includes $7.52 for postage, and $6.20 for photocopies.  (D.E. 23-3, at 2).  Because the photocopying costs are recoverable, the Court may order these costs reimbursed.  See 28 U.S.C. § 1920.

The Court may also order the remaining item, postage expenses, be reimbursed as "fees and other expenses" pursuant to § 2412(d)(1)(A).  Defendant does not object to plaintiff's request for attorney fees and expenses.  Moreover, the enumerated cost appears reasonable.  Based on the foregoing analysis, it is respectfully recommended that the Court grant plaintiff's request for costs and expenses in the amount of $13.72.

## IV.  RECOMMENDATION

It is respectfully recommended that plaintiff is entitled to an award of attorney fees pursuant to the EAJA because she is the prevailing party, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust.  It is further respectfully recommended that the Court find that 21.20 billable hours expended on this case by plaintiff's counsel were reasonable and necessary.  Finally, it is respectfully recommended that the Court find that plaintiff is entitled to reimbursement of costs and expenses.

Accordingly, it is respectfully recommended that plaintiff's petition for attorney fees, costs, and expenses be granted, and that plaintiff be awarded $3,400.48 in attorney fees and $13.72 in costs and expenses.

Respectfully submitted this 13th day of April 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).